# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE FREEMARKETS, INC.** | ) | 02: 01cv746 |
| **SECURITIES LITIGATION** | ) | Judge Terrence F. McVerry |

## PRELIMINARY ORDER IN CONNECTION WITH SETTLEMENT PROCEEDINGS

**WHEREAS**, on or about August 3, 2005, the parties to the above-entitled certified class action litigation (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of civil Procedure ("Fed. R. Civ. P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged against the Defendants in the Second Amended Consolidated Class Action Complaint (the "Complaint"); and

**WHEREAS**, the Court has read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order, and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this 16th day of August 2005, that:

1.   The Settlement as set forth in the Stipulation is preliminarily approved for the purpose of sending Notice to the Class.

2.   A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court on Friday, October 28 , 2005, at  9:30 A.M. for the following purposes:

   (1) to determine whether the proposed Settlement is fair, reasonable, adequate and

   in the best interests of the Class and should be approved by the Court;

1

    (2) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice as to the Defendants and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be given to the Released Parties;

    (3) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and in the best interests of the Class and should be approved by the Court;

    (4) to consider Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses; and

    (5) to rule upon such other matters as the Court may deem appropriate

    3.    Plaintiffs' Lead Counsel shall cause the Notice and Proof of Claim, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, no later than twenty (20) days from the date of entry of this Order, to all Class Members who have been identified after reasonable effort by Plaintiffs' Lead Counsel in connection with the prior mailing and publication of the Notice of Pendency of Class Action. If necessary, Defendant FreeMarkets shall comply with all reasonable requests by Plaintiffs' Lead Counsel or their agent for the production of books, records and information for the purpose of identifying and giving notice to the Class. Plaintiffs' Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased common stock or publicly-traded call options of FreeMarkets during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) business days of receipt of the Notice and Proof of Claim, to either (a) provide the Claims Administrator with lists of the names and addresses of the beneficial

owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners, or (b) request additional copies of the Notice and Proof of Claim form and, within seven (7) days of receipt of those copies, mail the Notice and Proof of Claim form directly to the beneficial owners.  Additional copies of the Notice and Proof of Claim shall be made available free of charge to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holder shall be reimbursed from the Settlement Fund, upon timely submission to the Claims Administrator of proper documentation, for the reasonable expense actually incurred in sending the Notice and Proof of Claim to beneficial owners.  If any nominee purchaser chooses to follow alternative procedure (b), such nominee shall, upon such mailing, send a statement to the Claims Administrator confirming that the mailing was made as directed. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

**4.**	The Court approves the form of Publication Notice of the proposed Settlement and Settlement Fairness Hearing in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Lead Counsel shall cause the Publication Notice to be published once over a national wire service and in *Investors' Business Daily* within ten (10) days of the mailing of the Notice.  Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Publication Notice.

5.	The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(1)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

6.  In order to be entitled to participate in the distribution of the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member shall take the following actions and be subject to the following conditions:

(1) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office box indicated in the Notice, not later than December 1, 2005. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid), provided such Proof of Claim is actually received no later than thirty (30) days after the final date for submission of Proofs of Claim. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(2) The Proof of Claim filed by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of

    Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

  (3) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

7. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons have requested exclusion from the Class in a timely and proper manner, as provided in the Notice.

8. Class Members who request exclusion from the Class pursuant to the Notice shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice. Any request for exclusion shall be made in writing and shall be sent by first class mail postmarked no later than October 11, 2005 to the address designated in the Notice. Such request for exclusion must be signed by the party seeking exclusion and shall clearly state the name and address of the party seeking exclusion, and that the sender requests to be excluded from the Class in <u>In re FreeMarkets, Inc. Sec. Litig.</u>. Any party requesting exclusion is also requested to state: his, her or its telephone number and the date(s), price(s), and number(s) of shares of all purchases and sales of FreeMarkets during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

9. All Class Members may enter appearances in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter appearances, they will

5

continue to be represented by Plaintiffs' Lead Counsel, Norman Berman, Esq., Berman DeValerio Pease Tabacco Burt & Pucillo, One Liberty Square, Boston, MA 02109.

10.   The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court, P.O. Box 1805, 700 Grant Street, Pittsburgh, Pennsylvania 15230, and copies of all such papers are received, no later than twenty (20) days prior to the Settlement Fairness Hearing, by the following:  Norman Berman, Esq., Berman DeValerio Pease Tabacco Burt & Pucillo, One Liberty Square, Boston, MA 02109, on behalf of the Plaintiffs; and William P. Quinn, Jr., Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103-2921, on behalf of the Defendants.  Any comment and/or objection filed with the Court must contain the following case number:  02:01cv746.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and reimbursement of expenses are required to indicate in their written objections their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and reimbursement of expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identities of witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Any Member of the Class who does not object in this manner shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, to any Final Judgment that may be entered, to the Fee and Expense Award

to Plaintiffs' Lead Counsel, and to the Plan of Allocation. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

11. Only Class Members shall have any rights with respect to approval of or objection to the Settlement, the Plan of Allocation or Plaintiffs' Lead Counsel's request for attorneys' fees and expenses.

12. To assist the Court in preparing for the Settlement Fairness Hearing, counsel may submit, no later than twenty-one (21) days prior to the Settlement Fairness Hearing, any briefs, affidavits or other documents related to the findings that this Court is required to make. Counsel may submit papers in response to any objections that may be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

13. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all other Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released and Settled Claims against any Released Party.

14. The Court reserves the right to adjourn or continue the date of the Settlement Fairness Hearing with or without further notice to the Class. However, if any Class Members indicate their intention to appear at the Settlement Fairness Hearing in accordance with the provisions of paragraph 9 above, Plaintiffs' Lead Counsel are ordered to provide such persons with notice of the adjourned date(s). The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice to the Defendants regardless of whether it has approved the Plan of Allocation, or awarded attorneys' fees and expenses.

15. If (a) the Settlement is terminated by Defendants pursuant to paragraph 29 of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiffs' Lead Counsel and Counsel for the Defendants; (c) the Court rejects, in any respect, the Order and Final Judgment in substantially the form and content annexed to the Stipulation as Exhibit B and/or Plaintiffs' Lead Counsel and Counsel for the Defendants fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Stipulation, including any amendment thereto approved by Plaintiffs' Lead Counsel and Counsel for the Defendants; or (e) the Court approves the Stipulation, including any amendment thereto approved by Plaintiffs' Lead Counsel and Counsel for the Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendment(s) thereto, and this Preliminary Order in Connection with Settlement Proceedings for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation.

16. In the event the Settlement is disapproved or terminated in accordance with the terms of the Stipulation, the Escrow Agent(s) shall, within ten (10) days of notice of disapproval or termination, refund the Settlement Fund, plus all accrued interest thereon, to the Defendants and their insurers in proportion to their relative contributions, except for any Taxes due, and Notice and administration expenses up to $100,000.00 incurred in issuing notice to the Class.

17. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

18. Pursuant to the Order of Court dated August 3, 2001, Lead Counsel, with the assistance of Liaison Counsel, shall disseminate this Preliminary Order in Connection with Settlement Proceedings to all counsel for plaintiffs.

**SO ORDERED** this 16th day of August, 2005.

BY THE COURT:

s/Terrence F. McVerry
Terrence F. McVerry
United States District Court Judge

cc: *Liaison Counsel for Plaintiffs*
Alfred G. Yates, Jr., Esquire
Gerald L. Rutledge, Esquire
Law Offices of Alfred G. Yates, Jr
Email: yateslaw@aol.com

*Lead Counsel for Plaintiffs*
Michael G. Lange, Esquire
Alicia M. Duff, Esquire
Jeffrey C. Block, Esquire
Berman, DeValerio, Pease, Tabacco, Burt & Pucillo
One Liberty Square, 8th Floor
Boston, MA 02109

Paul A. Manion, Esquire
Manion, McDonough & Lucas
Email: pmanion@mmlpc.com

William P. Quinn, Jr., Esquire
Gregory T. Parks, Esquire
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103-2921