IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE FREEMARKETS, INC.           )          02: 01cv0746
SECURITIES LITIGATION             )

**ORDER AND FINAL JUDGMENT**

WHEREAS:

  A. The above-captioned class action litigation is pending in this Court on behalf of a certified class of:

> All persons who purchased the common stock and publicly-traded call options of FreeMarkets, Inc. ("FreeMarkets") during the period July 24, 2000 through April 23, 2001 (the "Class Period"). Excluded from the Class, however, are Glen T. Meakem and Joan S. Hooper, the Individual Defendants, members of their families, any entity in which any defendant is trustee or has a controlling interest, and any of their parents, subsidiaries, officers, directors, affiliates, legal representatives, heirs predecessors, successors, and assigns.

  B. On August 3, 2004, Lead Plaintiffs, Elaine Gagnon and Dale Lewis, acting on behalf of themselves and the Class, entered into a Stipulation and Agreement of Stipulation (the "Stipulation") with Defendants in this matter.

  C. Pursuant to the Preliminary Order in Connection with Settlement Proceedings, dated August 16, 2005 (the "Preliminary Approval Order"), the Court scheduled a hearing for October 28, 2005 at 9:30 a.m. (the "Settlement Hearing") to determine: (a) whether the proposed Settlement of the claims in this matter against Defendants on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court; (b) whether the claims against Defendants should be dismissed with prejudice as set forth in the Stipulation; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; and (d) whether the application by Lead

Counsel for an award of attorney fees and reimbursement of litigation expenses and costs should be approved.

   D. The Court further ordered that Plaintiffs' Counsel have caused a Notice of Pendency of Class Action, Proposed Settlement, Settlement Fairness Hearing, and Right to Share in the Settlement Fund (the "Notice"), be mailed by first-class mail, postage prepaid, to all Class Members at the address of each such person or entity as set forth in the records of the transfer agent for FreeMarkets, Inc. ("FreeMarkets"), or who otherwise could be identified through reasonable effort, and that a Summary Notice of the proposed Settlement (the "Publication Notice"), be published in the *Investors Business Daily*, within ten (10) days of the mailing of the Notice.

   E. The Notice and the Publication Notice advised Class Members of the date, time, place and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement, the Plan of Allocation or the application for attorney fees and reimbursement of expenses were required to be filed with the Court by October 8, 2005.

   F. The Notice and the Publication Notice also advised Class Members of their right to request exclusion from the Class by sending a written request for exclusion from the Class to the Claims Administrator, Strategic Claims Services.

   G. The Affidavit of Paul Mullholland, CPA, CVA, President of Strategic Claims Services, attesting to the mailing of the Notice and the publishing of the Publication Notice was filed with the Court on October 14, 2005.

   H. On October 14, 2005, Lead Plaintiffs moved for final approval of the Settlement as set forth in the Stipulation and the Plan of Allocation of the Settlement Fund as

set forth in the Notice. Counsel for Plaintiffs also filed a Motion for An Award of Attorneys' Fees and Reimbursement Of Expenses. Plaintiffs' counsel requests attorneys fees in the amount of $1,020,000, which represents thirty percent (30%) of the $3,400,000 Settlement Fund. Plaintiffs' counsel also requests reimbursement of expenses in the amount of $56,110.21.00.

  I. The Settlement Hearing was duly held before this Court on October 28, 2005, at which time all interested persons and entities were afforded the opportunity to be heard.

  J. No objections were filed and no one appeared at the hearing on October 28, 2005, to voice objection to the proposed settlement. Further, no requests for exclusion from the Class were filed.

  K. At the hearing, Plaintiffs' counsel noted that the funds for the settlement have already been paid into an interest bearing account.

  L. This Court has considered the arguments of counsel, the documents described above, all other pleadings, papers and submissions presented with respect to the proposed Settlement and award of attorneys' fees and reimbursement of expenses, and has held a hearing to permit persons opposed to the Settlement to make their views known.

  NOW, THEREFORE, after due deliberation, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

  1. For purposes of this Final Judgment, the Court adopts and incorporates the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this litigation and over all parties to the litigation, including all Class Members.

3. Notice of the pendency of this litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all persons and entities entitled thereto.

4. The proposed Settlement is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5. This litigation, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice in accordance with the Settlement Agreement, without costs (except as provided in the Settlement Agreement), and upon the merits and with prejudice and in full and final discharge of any and all claims of Class Members.

6. Lead Plaintiffs and the other members of the Class on behalf of themselves, their heirs, administrators, successors and assigns, and any persons they represent, shall, with

respect to each and every Released and Settled Claims, release and forever discharge, and shall forever be enjoined from prosecuting, any Released and Settled Claims against any of the Released Parties.  Nothing contained herein shall, however, bar any action or claim to enforce the terms of this Order and Final Judgment or the Stipulation.

       7.      Lead Plaintiffs and the other members of the Class on behalf of themselves, their heirs, executors, administrators, successors and assigns, and any persons they represent, shall covenant to refrain from instituting, commencing, or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and "Unknown Claims," as defined in California Civil Code § 1542, that have been or could have been asserted in any form by any Class Member, or the successors or assigns of any of them, whether directly, indirectly, representatively, or in any other capacity, against any of the Released Parties, which arise out of, or relate in any way, directly or indirectly, to or could have been asserted based upon the allegations or facts relating to this litigation, including, without limitation, claims for negligence, gross negligence, negligent misrepresentation and breach of fiduciary duty.  Nothing contained herein shall, however, bar any actions or claims to enforce the terms of this Order and Final Judgment or the Stipulation.

       8.      FreeMarkets and each Individual Defendant, on behalf of himself, his executor, administrator and the Released Parties, shall, with respect to each and every Released and Settled Defendants' Claims, release and forever discharge each and every of the Released

and Settled Defendants' Claims, and shall forever be enjoined from prosecuting any Released and Settled Defendants' Claims against any of the Lead Plaintiffs, other Class Members, or their counsel.  Nothing contained herein shall, however, bar, any action or claim to enforce the terms of this Order and Final Judgment or the Stipulation.

       9.     "Unknown Claims" means any and all Released and Settled Claims which any Lead Plaintiff or other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released and Settled Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor, which if known by him or it might have affected his or its decision(s) with respect to the Settlement.  With respect to any and all Released and Settled Claims and Released and Settled Defendants' Claims, the parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

      10.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

  a. offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any fact alleged by plaintiffs or the validity of any claim that had been or could have been asserted in this litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in this litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

  b. offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants, or against the plaintiffs and the Class as evidence of any infirmity in the claims of the plaintiffs and the Class;

  c. offered or received against Defendants or against the plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to the Stipulation to effectuate the liability protection granted it thereunder;

  d. construed against Defendants or the plaintiffs or the other members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

  e. construed as or received in evidence as an admission, concession or presumption against plaintiffs or the Class or any of them that any of their claims are without

merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Lead Counsel is hereby awarded attorney fees in the amount of One Million Twenty Thousand Dollars ($1,020,000), which represents thirty percent (30 %) of the Gross Settlement Fund, and which the Court finds to be fair and reasonable, and Fifty-Six Thousand One Hundred Ten Dollars and 21/100 ($56,110.21) in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.

14. Exclusive jurisdiction is retained over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

      16.    There is no just reason for delay in the entry of the Order and Final Judgment and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

      So **ORDERED** this 1st day of November, 2005.

                                        BY THE COURT:

                                        <u>s/Terrence F. McVerry</u>
                                        United States District Court Judge

cc: *Liaison Counsel for Plaintiffs*
Alfred G. Yates, Jr., Esquire
Law Offices of Alfred G. Yates, Jr
Email: Yateslaw@aol.com

Gerald L. Rutledge, Esquire
Law Offices of Alfred G. Yates, Jr.
Email: yateslaw@aol.com

*Lead Counsel for Plaintiffs*
Norman Berman, Esquire
Michael G. Lange, Esquire
Alicia M. Duff, Esquire
Jeffrey C. Block, Esquire
Julie A. Richmond, Esquire
Berman, DeValerio, Pease, Tabacco, Burt & Pucillo
One Liberty Square, 8th Floor
Boston, MA 02109


Mel E. Lifshitz, Esquire
Bernstein, Liebhard & Lifshitz
10 East 40th Street
New York, NY 10016

Lionel Z. Glancey, Esquire
Law Offices of Lionel Z. Glancey
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067

Michael Goldberg, Esquire
Lewis, Goldberg & Ball
1320 Old Chain Bridge Road
Suite 360
McLean, VA 22101

Andrew M. Schatz, Esquire
Jeffrey S. Nobel, Esquire
Patrick A. Klingman, Esquire
Schatz & Nobel
330 Main Street
2nd Floor
Hartford, CT 06106-1817

Brian M. Felgoise, Esquire
230 South Broad Street
Suite 404
Philadelphia, PA 19102

Evan Smith, Esquire
Brodsky & Smith
11 Bala Avenue
Suite 39
Bala Cynwyd, PA 19004

Marc A. Topaz, Esquire
Schiffrin & Barroway
280 King of Prussia Road
Radnor, PA 19087

Paul J. Geller, Esquire
Cauley, Geller, Bowman & Coates
2255 Glades Road
One Boca Place, Suite 421 A
Boca Raton, FL 33431

Laura M. Perrone, Esquire
Law Offices of Laura M. Perrone
60 East 42nd Street
New York, NY 10165

Conor R. Crowley, Esquire
Finkelstein, Thompson & Loughran
1050 30th Street, NW
Washington, DC 20007

Jody Anderman, Esquire
Leblanc, Maples & Waddell
5353 Essen Lane
The Essen Centre, Suite 420
Baton Rouge, LA 70809

Mark McNair, Esquire
1819 H Street, NW
Suite 550
Washington, DC 20006

Charles J. Piven, Esquire
Law Offices of Charles Piven
The World Trade Center
401 East Pratt Street
Suite 2525
Baltimore, MD 21202

*Counsel for Defendants*

William P. Quinn, Jr., Esquire
Gregory T. Parks, Esquire
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103-2921

Paul A. Manion, Esquire
Manion, McDonough & Lucas
600 Grant Street, Suite 882
Pittsburgh, PA 15219

Karen A. Pieslak, Esquire
Gregory T. Parks, Esquire
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103-2921